```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF TEXAS
            HOUSTON DIVISION
```

DOROTHY Y. SPENCER,              §
                                 §
         Plaintiff,              §
                                 §
VS.                              §   CIVIL ACTION H-14-0164
                                 §
DEUTSCHE BANK NATIONAL TRUST     §
COMPANY, as Trustee for BCAPB    §
LLC TRUST 2007-AB1, and WELLS    §
FARGO BANK, N.A.,                §
                                 §
                                 §
         Defendants.             §

## OPINION AND ORDER

Pending before the Court in the above referenced cause to retain possession and avoid foreclosure on the property at 1630 Oakbury Drive, Missouri City, Texas 77489, removed from state court on diversity grounds, are the following matters: (1) Defendants Deutsche Bank National Trust Company, as Trustee for BCAPB LLC Trust 2007-AB1 ("Deutsche Bank"), and Wells Fargo Bank, N.A.'s ("Wells Fargo's")(collectively, "Defendants'") motion to dismiss with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6 and 9(b) and, alternatively, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (instrument #12); (2) United States Magistrate Judge Frances Stacy's Memorandum and Recommendation that the motion to dismiss be granted (#17); (3) Plaintiff Dorothy Spencer's ("Spencer's) objections to the memorandum and recommendation (#18); and Defendants' response to

those objections (#19).

**Plaintiff's Allegation**

After purchasing her home in 2006, in May 2011 Spencer fell behind on her mortgage payments. She alleges that Defendants represented to her that if she qualified for a home loan modification, they would provide an arrangement by which she could pay her mortgage current. She applied for three separate home loan modifications, but after two years of doing so, Defendants informed her that her mortgage did not allow for a modification. Defendants obtained an order for foreclosure on August 2, 2012, and her home was scheduled for a foreclosure sale on January 7, 2014.

Spencer now sues Defendants for common law fraud based on Defendants' representation to her that if she qualified for a home loan modification, Defendants would give her a pay arrangement to pay her current mortgage. She asserts the representation directly caused her injury and seeks actual damages, out of pocket damages, benefit of her bargain damages, mitigation damages, mental anguish damages, lost wages, lost income, expenses, reasonable and necessary attorney's fees, court costs, and pre- and post-judgment interest, as well as exemplary damages, injunctive relief, a judgment for "legal title to the real property," and a judgment setting aside the foreclosure sale.

**Standards of Review**

Objections timely filed within fourteen days of entry of the

Magistrate Judge's memorandum and recommendation must specifically identify the findings or recommendations for which the party seeks reconsideration. *Byars v. Stephens*, No. 5:13-CV-189-DAE, 2014 WL 1668488, at *2 (Apr. 14, 2014), *citing Thomas v. Arn*, 474 U.S. 140, 151 (1985). The court does not have to consider "'[f]rivolous, conclusive, or general objections.'" *Id., citing Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Findings by the Magistrate Judge to which the party specifically objects must be reviewed *de novo* under 28 U.S.C. § 636(b)(1)(C). Findings of the United States Magistrate Judge to which no specific objections are made require that the Court only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law. *Id., citing U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Federal Rule of Civil Procedure 9(b) provides,

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person must be averred generally.

"In every case based upon fraud, Rule 9(b) requires the plaintiff to allege as to each individual defendant 'the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants." *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex.

2001). A plaintiff must plead with particularity the circumstances constituting the alleged fraud under Rule 9(b), i.e., plaintiff must "'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Southland Securities Corp. v. INspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004), *quoting Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997), *cert. denied*, 522 U.S. 966 (1997).

Unlike the alleged fraud, Rule 9(b) allows a plaintiff to plead intent to deceive or defraud generally. Nevertheless a mere conclusory statement that the defendant had the required intent is insufficient; the plaintiff must set forth specific facts that raise an inference of fraudulent intent, for example, facts that show the defendant's motive. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)("Although scienter may be averred generally, case law amply demonstrates that pleading scienter requires more than a simple allegation that a defendant had fraudulent intent. To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud."); *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994).

### Applicable Law

To plead a claim of fraud by misrepresentation under Texas law, a plaintiff must allege with particularity "(1) a misrepresentation that (2) the speaker knew to be false or made

recklessly [i.e., asserted without knowledge of its truth] (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, LP*, 620 F.3d 465, 468 (5th Cir. 2010). Claims of fraudulent misrepresentation must satisfy Rule 9(b)'s heightened pleading requirements. *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 206-07 (5th Cir. 2009).

The mere failure to subsequently perform a promise, by itself, is not evidence of fraud. *Formosa Plastics Corp. v. Presidio Engineers and Contractors, Inc.*, 960 S.W. 2d 41, 48 (Tex. 1998). A promise of future performance can be fraudulent if at the time it was made, it was made with no intention of performing. *Id*.

In Texas, the economic loss doctrine "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W. 3d 1, 12 (Tex. 2007). Furthermore a plaintiff may not recover tort damages if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Southwest Bell Tel. Co. v. DeLanney*, 809 S.W. 2d 493, 494 (Tex. 1991). To determine whether a plaintiff's tort claim is actually a breach of contract claim requires the court to decide "whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law" and "whether the injury is only

the economic loss to the contract itself." *Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 930 (N.D. Tex. 2014), *citing inter alia Formosa Plastics, Inc.*, 960 S.W. 2d at 45-47, and *Delanney*, 809 S.W. 2d at 494-95.

"Under Texas law, '[a] loan agreement in which the amount involved . . . exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative.'" *Carrier v. U.S. Bank, N.A.*, No. Civ. A. H-14-1347, 2014 WL 2807253, at *2 (S.D. Tex. Jan. 20, 2014), *quoting* Tex. Bus. & Com. Code § 26.02(b). "Loan agreement" is defined at "'one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments or repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation.'" *Id.*, *quoting id.*, § 26.02(a)(2). A bank's "oral promises to modify the loan and defer foreclosure during loan modification are financial accommodations subject to the statute of frauds" and "the alleged oral agreements are unenforceable under the statute of frauds." *Id.*

### Defendants' Motion to Dismiss

Defendants argue that Spencer has not and cannot state a claim for fraud because (1) she failed to allege the elements of that cause of action with the degree of particularity required by Rule

9(b); (2) her claimed reliance on the Defendants' purported misrepresentation was unreasonable as a matter of law because it was contrary to the terms of her written promissory note and security agreement and because Wells Fargo provided clear and unambiguous notice that it would proceed with foreclosure; (3) the economic loss doctrine precludes her from any economic recovery on her fraud claim because in reality this action is grounded only in contract; and (4) her claim is barred by the Texas statute of frauds.

**Magistrate Judge Stacy's Memorandum and Recommendation (#17)**

As a threshold matter, the Magistrate Judge observed that Defendants alternatively requested summary judgment in the event that the Court found that several documents attached to the motion to dismiss were outside the scope of Rule 12(b)(6), even though Defendants believe that they were subject to judicial notice as public records or referenced by Spencer in her Original Petition. Magistrate Judge Stacy found that the attachments were either public documents or were referenced in Spencer's petition and thus there was no need to convert the 12(b)(6) motion to one for summary judgment.

Magistrate Judge Stacy concluded that Spencer fails to state a claim for fraud upon which relief might be granted under Rule 12(b)(6). Her claim also fails to satisfy Rule 9(b)'s heightened pleading standards. There are no facts alleged as to who made the

alleged misrepresentation, or when and where, nor to show fraudulent intent. Concluding that under Texas law a fraud claim must be based on a misrepresentation of existing fact or a promise of future performance where there was no intent to perform,[1] Magistrate Judge Stacy found that Spencer's fraud claim was based on neither; instead Defendants made a misrepresentation of *contingent* future conduct. In the absence of any allegations that Defendants never intended to perform, Spencer's pleading fails to state a claim for fraud and should be dismissed.

In addition, the Magistrate Judge agreed with Defendants that any reliance by Spencer on the alleged misrepresentation was unreasonable as a matter of law. *Milton v. U.S. Bank*, 508 Fed. Appx. 326, 330 (5th Cir. 2013)(plaintiff's "reliance on oral representations by customer service representatives that were contradicted by the terms of the loan agreement and the notice of foreclosure was not reasonable as a matter of law."). Magistrate Judge Stacy further concluded that the fraud claim was barred by Texas' economic loss rule and statute of frauds.

The Magistrate Judge also determined that Spencer had failed to show that either a continuance for further discovery or leave to amend was warranted. Magistrate Judge Stacy therefore recommended that Spencer's fraud claim against Defendants be dismissed with

---

[1] Citing *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 573 (S.D. Tex. 2012), *aff'd*, 534 Fed. Appx. 266 (5th Cir. 2013), and *Keen v. Suntrust Mortgage, Inc.*, No. 1:10-CV-733, 2013 WL 1181451, at *5-6 (E.D. Tex. 2013).

prejudice pursuant to Rules 12(b)(6) and 9(b).

**Plaintiff's Objections to the Memorandum and Recommendation (#18)**

Without explaining any specific reasons why or citing any authority for her opposition, Spencer conclusorily objects to the Magistrate Judge's finds that "[e]ach of the documents provided by Defendants can and should be considered in connection with Defendants' Rule 12(b)(6) motion to dismiss" because all of them were not matters of public record nor referenced by Plaintiff in her complaint.

After reviewing the record, this Court finds that with the exception of "Affidavit 2" (#12-10) in support of an award of fees and costs to Defendants' counsel for their work on this case, submitted for an entirely different purpose, the Magistrate Judge is correct. Moreover the documents that are Defendants' business records relating to Spencer's mortgage and notice of foreclosure have been properly authenticated. Furthermore, as Defendants point out in their response to the objections (#19), Magistrate Judge Stacy clearly stated that "it is Spencer's allegations on their own, separate and apart from the contents of any of the documents submitted by Defendants, which convince [the Magistrate Judge] that Spencer has failed to state a claim for fraud within the meaning of Fed. R. Civ. P. 9(b), 12(b)(6)." #17 at p. 7. Furthermore, Spencer ignores the fact that the recommendation of dismissal was based on a failure to satisfy Rule 9(b), as well as 12(b)(6). This

Court overrules Spencer's first objection.

Next Spencer argues that she has alleged that Defendants' misrepresentation to her (that if she qualified for a home loan modification, Defendants would give her a payment arrangement to pay her mortgage current) was a promise of future performance and that Defendants made this misrepresentation knowing that it was false because at the time Defendant made it, it knew that her mortgage did not permit modification.

The Court agrees with Magistrate Judge Stacy that because Defendants conditioned the offer of such a possible payment arrangement on whether ("if") she qualified for a home loan modification, it was not a promise, but a future and uncertain event upon the happening of which is made to depend the existence of a potential obligation, which also might or might not happen. At best it was indefinite and speculative. *See, e.g., CMS Energy Resource Management Co. v. Quicksilver Resources, Inc.*, No. 3-07-260-CV, 2009 WL 1815776, at *10 (Tex. App.--Forth Worth June 25, 2009), *citing inter alia Hohen Bros. v. George E. Gibbons & Co.*, 537 S.W. 2d 1, 3 (Tex. 1976)(explaining that "[w]hile no particular words are necessary for the existence of a condition, such terms as 'if,' 'provided that,' 'on the condition that,' or some other phrase that conditions performance, usually connote an intent for a condition rather than a promise."). It is undisputed that Spencer did not meet this condition. Nor has Spencer alleged any

facts that suggest that Defendants knew the statement was false at the time they made it, as opposed to after reviewing one or more applications for a loan modification. Furthermore, she fails to show why Defendant's verbal statement would not be barred by the statute of frauds, given that it contradicts her promissory note and security agreement and the fact that the property was appraised in 2013 by the Fort Bend County Appraisal District for $89,550.00 (#1 Notice of Removal, Ex. 7). Thus the Court overrules Spencer's second objection.

Next Spencer objects to the Magistrate Judge's finding that any reliance by Spencer on the statement was unreasonable as a matter of law. Spencer asserts that in *Casey v. Federal Home Loan Mortg. Ass'n*, No. Civ. A. H-11-3830, at *3 (S.D. Tex. Apr. 23, 2012)(dismissing fraudulent misrepresentation claim based on promises to modify and delay foreclosure as barred by the economic loss rule because such claims sound only in contract), this Court found that the homeowner's claim that he relied on BAC's representation that it would not foreclose on the homeowner's home during the modification process was reasonable given the fact that BAC is a servicer for a sophisticated lender and should have been aware of all federal guidelines, while the homeowners were ordinary borrowers attempting to modify their loan through a program promulgated by the federal government to help those struggling to avoid foreclosure while the economy stabilized.

First this Court would point out that the undersigned judge was not the judge who issued *Casey*, nor, as the opinion of another district court, is *Casey* binding on the undersigned judge. Second, the ruling cited by Spencer (that BAC was a sophisticated lender and should have been aware of all federal guidelines, while the homeowners were ordinary borrowers attempting to modify their loan through a program promulgated by the federal government) related to the Caseys' breach-of-the-duty-of-fair-dealing claim as well as their oral, allegedly fraudulent misrepresentation claim. Moreover, Judge Miller found the fraudulent misrepresentation claim to be barred by the economic loss rule and the statute of frauds. *Id.* at *3-4 and *7. Third, the facts in *Casey* are distinguishable from those in the instant suit. The Caseys alleged that they contacted Bank of America ("BOA"), successor by merger to BAC Home Loans Servicing, L.P., a number of times before April 11, 2011 seeking modification of their loan under the Making Homes Affordable program. The Caseys claimed that BAC told them that they pre-qualified for modification and that foreclosure would not occur during the application process. BAC further instructed them to not make full payments as such would disqualify them from the modification program, but instead arranged for them to pay a reduced amount in mortgage payments. The Caseys made those lower payments until March 2011. Nevertheless Defendants subsequently initiated an acceleration of the mortgage note and posted the

Caseys' home for foreclosure, proceeded with foreclosure on April 5, 2011, and later instituted proceedings to evict them. Claiming "they relied on BOA's representations that a foreclosure sale would not occur if they made the required, reduced payments and were still in the modification review stage," the Caseys filed suit asserting claims for fraud, wrongful foreclosure due to failure to properly notice, slander of title, promissory estoppel, unreasonable collection, breach of duty of fair dealing, and failure to provide an accounting of funds prior to foreclosure. 2012 WL 1425138, at *1. In relevant part, although BOA argued that the Caseys' reliance was unreasonable because their deed of trust specifically provided for acceleration and non-judicial foreclosure if the homeowner was in default, the Caseys countered by arguing that their reliance on the promise to postpone foreclosure during the loan modification process was not unreasonable since the Home Affordable Mortgage Program ("HAMP") guidelines prohibit foreclosure during modification review. *Id.* at *3. Clearly accepting the latter argument and viewing the allegations in a light most favorable to the Caseys, Judge Gray H. Miller found they had adequately pleaded the reasonable reliance element (not the whole fraud claim), citeing *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 561-63 (7th Cir. Mar. 7, 20 12)(concluding that a trial loan modification agreement ["TPP agreement"] constituted a valid, enforceable contract by which the defendant promised to offer the

plaintiff a permanent loan modification if she made timely, though reduced, payments and if her representations remained true and accurate), and denied the motion to dismiss as to their claim for breach of the implied duty of good faith and fair dealing. *Casey*, 2012 WL 1425138, at *3 and *9. In contrast, Spencer has not asserted that her application for a modification was under HAMP, that therefore that the HAMP guidelines provided a basis for reasonable reliance in her case,[2] nor did she continue to make any payments (consideration for a new agreement) after she defaulted. Furthermore Judge Miller went on to hold that Casey's fraud claim was barred by the economic loss rule because the "alleged misrepresentations that form the basis of the Caseys' fraud claim flow solely from the note and deed of trust" and by the statute of frauds because it was not in writing. *Casey*, 2012 WL 1425138, at *4 and *7. Defendants point out that in *Milton v. U.S. Bank*, 508

---

[2] Furthermore, with regard to the Caseys' claim of breach of good faith and fair dealing, Judge Miller found, as an exception to the general rule in Texas that there is no implied covenant of good faith and fair dealing, that there was a plausible special relationship based on an imbalance in bargaining power between the plaintiffs and their mortgagees. Not only did Spencer not assert such a cause of action, but subsequently Judge Miller granted summary judgment on that claim after finding that the Caseys failed to raise a genuine issue of material fact about the existence of such a duty, and, more important, the Fifth Circuit and the Texas Supreme Court have refused to recognize a special relationship between a mortgagor and a mortgagee. *Ayres v. Parker*, No. SA-12-CV-621-XR, 2013 WL 4048328, at *12 (W.D. Tex. July 29, 2013), citing *Thomas v. EMC Mortg. Corp.*, 499 Fed. Appx. 337, 341 (5th Cir. 2012), and *FDIC v. Coleman*, 795 S.W. 2d 706, 709 (Tex. 1990).

Fed. Appx. 326, at *3 (5th Cir. Jan. 18, 2013), also relied on by Magistrate Judge Stacy, the Fifth Circuit rejected Judge Miller's reasoning that reliance was adequately pleaded: "[R]eliance on oral representations by customer service representatives that were contradicted by the terms of the loan agreement, and the notice of foreclosure was not reasonable as a matter of law." *Id.* The Court overrules Spencer's third objection.

Fourth, Spencer objects to the Magistrate Judge's conclusion that her fraud claim is barred by the Texas economic loss rule and the statute of frauds. She argues that only benefit of the bargain damages are barred by the statute of frauds, but she has sought out-of-pocket damages, mitigation damages, mental anguish damages, lost wages, lost income, lost profit and expenses.

First this Court notes that Spencer fails to address the statute of frauds bar or cite any authority showing that it does not bar her fraud claim. Furthermore, this Court agrees with Magistrate Judge Stacy that the statute of frauds does bar her fraud claim as a matter of law because the alleged fraudulent misrepresentation was verbal and the property was appraised in 2013 by the Fort Bend County Appraisal District for $89,550.00 (#1 Notice of Removal, Ex. 7). As for the economic loss rule, it is not the type of damages pleaded that matters here, but the fact that her fraud claim is mislabeled as such because it actually arises from contract (promissory note and security agreement),

-15-

since Spencer's applications sought to modify the terms of those documents, and thus it is barred by the rule.

Fifth, Spenser objects to the memorandum and recommendation's statement, "She applied for several loan modifications, none of which was approved, for whatever reason," because Spencer did not plead or reference whether she was approved or denied for three separate modifications in the Original Petition. Thus the Magistrate Judge's finding was based on a document not a matter of public record nor referenced in Spencer's pleadings. She insists the Court should have converted the Rule 12(b)(6) motion into one for summary judgment and granted Spencer's motion for a continuance to allow for further discovery.

The Court observes that in both the Original Petition (#1-3 at ¶8, electronic pages 13-14) and in Spencer's affidavit in support of a temporary restraining order (#1-3 at ¶ 5, electronic p. 21) in the state court records, Spencer stated, "Over the course of two years, Plaintiff applied for three separate home loan modifications through Defendants. After two years of prompting Plaintiff to apply for a home loan modification, Defendants contacted Plaintiff and informed Plaintiff that Plaintiff's mortgage did not permit a modification of the loan." The clear inference is that the three applications were rejected, especially in light of her subsequent allegation that with court approval, her home was scheduled for foreclosure sale on January 7, 2012. Thus the Court overrules this

objection.

Finally Spencer objects to the Magistrate Judge's denial of Spencer's request for leave to amend because she could have pleaded claims for breach of duty of good faith and fair dealing and fraudulent inducement. As the Court indicated *supra*, as a matter of law Texas has rejected the argument that there is a special relationship between mortgagor and mortgagee that gives rise to a duty of good faith and fair dealing as an exception to the general rule that there is no implied covenant of good faith and fair dealing under Texas law. *Ayres*, 2013 WL 4048328, at *12, *citing Thomas v. EMC Mortg. Corp.*, 499 Fed. Appx. at 341, and *FDIC v. Coleman*, 795 S.W. 2d at 709. As for the proposed fraudulent inducement claim, under Texas Bus. & Com. Code § 27.01 (a)(2)(D), to state a claim for fraudulent inducement in a transaction involving real estate, the plaintiff must allege and ultimately prove that the misrepresentation "was relied on by that person entering into that contract." Spencer never entered into a modified agreement with Defendants. Thus Magistrate Judge Stacy's recommendation to deny amendment was correct because Plaintiff's request for leave to amend was futile. Therefore Spencer's last objection is overruled also.

Accordingly, for the reasons stated above, the Court agrees with and

ADOPTS the Magistrate Judge's Memorandum and Recommendation as

its own and

ORDERS that Defendants' motion to dismiss is GRANTED. Regarding Defendants' affidavit for attorneys' fees and costs and accompanying Matter Ledger Report (contemporaneous firm records), the Court finds that their request for $7,888.50 ($7,412.50 in fees, $400 for removal fee, and the remainder for costs) is reasonable an necessary and

ORDERS that their request is GRANTED.

A final judgment will issue by separate order.

**SIGNED** at Houston, Texas, this  12th  day of  December , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE